RECEIVED
IN LAKE CHARLES, LA

SEP 16 2014

TONY R. MOORE, CLERK
BY_____
                    DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DOCKET NO. 2:14 CR 00074-001** |
| **VS.** | : | **JUDGE MINALDI** |
| **MARK A. THOMPSON** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Presently before the court is the defendant's Motion for Dismissal of Count II (Rec. Doc. 72) for Insufficiency of Evidence.  The Government opposes this motion (Rec. Doc. 75).

The question raised in this motion is that of the proper procedural vehicle to address the alleged insufficiency of evidence. The defendant submits that the court can use Fed.R.Crim.P 12(b)(2), while the Government argues that the proper procedure is a Rule 29 motion at the close of the Government's evidence at trial.   After a review of the pleading, the court finds that the defendant's motion to dismiss is premature at this stage in the case.

Rule 12(b)(2) of the Federal Rules of Criminal Procedure provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed.R.Crim.P. 12(b)(2). "The general issue in a criminal trial is, of course, whether the defendant is guilty of the offense charged." *U.S. v. Piper (unreported),* 2012 WL 4757696 (D.Vt., 2012)*; United States v. Doe,* 63 F.3d 121, 125 (2d Cir.1995). Rule 12(b)(2) thus bars defendants from challenging the sufficiency of the government's evidence prior to trial. The Second Circuit has stated that, "[u]nless the government has made what can fairly be described as

a full proffer of the evidence it intends to present at trial ..., the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." *United States v.. Alfonso*, 143 F.3d 772, 776–77 (2d Cir.1998) (reinstating indictment that the district court had dismissed on the grounds that the government lacked sufficient evidence to prove jurisdictional element of federal robbery charges). A defendant is instead limited to challenging whether the indictment meets "basic pleading requirements and [is] valid on its face." See *United States v. Perez*, 575 F.3d 164, 166–67 (2d Cir.2009). The defendant has not challenged the facial validity of the indictment here. The defendant instead challenges the government's proof of the interstate nexus of the offense charged in Count 2 of the indictment.  The question of the presence or absence of an interstate component goes to the sufficiency of the government's evidence.

To decide his motion to dismiss, the defendant stipulates to the facts present in the record. The Government, however, argues that it has a right to present its entire case and all of the evidence is not before the court at this stage of the proceedings and will not be until the completion of the Government's case.  Therefore, this inquiry is premature before trial. See *United States v. Jackson*, No. 00–cr–0285, 2000 WL 816803, at *1 (S.D.N.Y. June 23, 2000) (explaining that motion to dismiss indictment improper method for challenging validity of underlying conviction in felon in possession prosecution). If the defendant continues to dispute the applicability of §2422(b) "[a]fter the government closes its evidence or after the close of all the evidence," he may then move for acquittal under Rule 29. See, e.g., *United States v. Fruchter*, 104 F.Supp.2d 289, 298 (S.D.N.Y.2000).

Accordingly, for the reasons stated herein,

IT IS ORDERED that the defendant's Motion to Dismiss IS DENIED as premature.

Lake Charles, Louisiana, this ___ day of September, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

3