RECEIVED
IN LAKE CHARLES, LA

DEC 0 2 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:14CR00074-01 |
| VS. | : | JUDGE MINALDI |
| MARK ANTHONY THOMPSON | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant's first objection to ¶11 of the PSR does not require a ruling by the court as the Probation Department revised that paragraph to more accurately reflect the information contained in the investigative reports. This objection does not impact the guidelines.

Thompson's objection to ¶13 of the PSR does not require a ruling as it does not impact the guideline determination.

The defendant objects to the allegations contained in ¶¶18-20 and ¶28 of the PSR. These objections do not require a ruling as it does not impact the guideline determination.

Next, Thompson objects to the offense level computations in ¶¶36, 37 and 44. He argues that the video of the juvenile transmitted by Dornellas to Thompson on December 11, 2013 and Thompson's "mere solicitation" of sexually explicit material, do not meet the definition of sexually explicit conduct as defined in 18 U.S.C. §2256(2)(A) and (B). As such, the two level enhancement for distribution pursuant to §2G2.1(b)(3) is unwarranted.

The Guidelines define "distribution" as "any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor." *U.S. Sentencing Guidelines Manual* § 2G2.1 cmt. n.1. Thompson denied soliciting Dornellas to produce sexually explicit material of her daughter to him. *United States v. Odom*, 694 F.3d 544, 546 (5th Cir. 2012).

As noted by Probation, USSG §2G2.2, comment (n.1) lists several offenses which specifically meet the criteria of "sexual abuse or exploitation." Included in this list are 18 U.S.C. §2251 (a)-(c), Sexual Exploitation of Children, and 18 U.S.C. §2422, Coercion and Enticement, which are both offenses of conviction. This enhancement does not require that the material meet the definition of "sexually explicit conduct." Considering the testimony at trial, the evidence clearly established that Thompson induced or caused the distribution of material involving the sexual exploitation of a child. This objection is OVERRULED.

The defendant objects to ¶37, use of a computer. Thompson admits that he communicated with Dornellas via a computer or an interactive computer service, but he denies soliciting sexually explicit materials. He also complains that this special offense characteristic is outdated given the digital society in which we live.

The facts presented at trial were clear. Thompson used a computer to solicit Dornellas to produce sexually explicit material involving a minor and then send it to him. He also solicited sexually explicit conduct from the minor. This enhancement is properly applied. This objection is OVERRULED.

Based on the two prior objections, Thompson objects to ¶ 44, the application of special offense characteristics §2G2.1(b)(3) and §2G2.1(b)(6)(B)(ii). The application of these special offense

2

characteristics raises his offense level by four. Having overruled the two prior objections, this objection is also OVERRULED. These special offense characteristics are properly applied.

In his next objection, Thompson proposes a new calculation in ¶78, based on the above objections. Since the objections were overruled, no new calculation is warranted.

In ¶92, the Probation Department did not identify any factors which would warrant a sentence outside the guidelines. Thompson objects to this and states that he has no prior juvenile adjudication, no adult criminal convictions and no other criminal conduct. Additionally, he has been diagnosed by Dr. Jennifer Weeks as being a sex addict. He argues that he may be entitled to a variance and a non-guidelines sentence. The court will consider these factors and will inform Thompson of the decision during the sentencing.

In his next objection, Thompson continues to maintain his innocence. The jury found the defendant guilty of all charges and he stands convicted for sentencing purposes. This objection does not affect the guideline determination, although Thompson's continuing failure to accept responsibility for his actions will also certainly be considered when determining whether or not a variance is warranted.

Thompson's last objection indicates a change to his family data which does not require a ruling by the court.

Lake Charles, Louisiana, this _____ day of December, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT COURT

3