UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:14 CR 00074-01 |
| VS. | : | JUDGE MINALDI |
| MARK THOMPSON | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

A jury trial was held in the case of *United States v. Mark Anthony Thompson,* 2:14CR00074-01, on August 28, 2015. The defendant was charged with and convicted of attempting to use a child to produce a visual depiction in violation of 18 U.S.C. §2251(a) and attempting to entice a minor to engage in criminal sexual activity. During the trial, the defense filed a Motion for the Appointment of a Guardian *Ad Litem* (Rec. Doc. 148), as the defense was planning to call the juvenile victim as a witness. This Motion was granted on August 21, 2015 (Rec. Doc. 149) by Magistrate Judge Kay. Attorney Ginger Vidrine was appointed to represent the minor victim as guardian *ad litem.* The Government actually called the minor victim to testify and she was represented at all times by Ms. Vidrine.

At the time of the trial, the defendant Mark Thompson had two retained counsel. In his financial statement that he filed when he was seeking pretrial release on bond, he had assets in the range of $400,000.00. At the conclusion of the trial, this court issued an order assessing the costs of the guardian *ad litem* against the defendant (Rec. Doc. 185). These costs have not been paid.

Not long after that, Thompson filed a motion for appointment of counsel on appeal, claiming

indigence. His attached affidavit showed no assets, but there has been no showing of the disposition of the earlier claimed funds. The motion for appointment of counsel was denied.

The court contacted the defendant's counsel, James E. Boren, and he advised the court that the defendant has a significant balance due to his office at this time and counsel believes that the defendant has no assets.

In *United States v. Doe,* 230 F. Supp. 2d 662 (D. Md. 2002), the only case this court found that is on point[1], the Magistrate Judge determined that the juvenile needed the service, advice, and assistance of a guardian *ad litem* if adequate legal representation was to be provided. Counsel was required, in the Court's view, to consult with the guardian as well as the juvenile at every step of his representation. The juvenile alone was not competent to give direction and to make the many critical decisions that were his to make in the course of the proceedings in that Court.

In discussing this matter, the court cited Chapter 3, § 3.14(A) of the then applicable Guide to Judiciary Policies and Procedures:

> In Proceedings Involving Juveniles. A guardian *ad litem* appointed under 18 U.S.C. § 5034[2] is not eligible for compensation under the Criminal Justice Act or any other

---

[1] Two other cases authorizing payment of a guardian *ad litem* under the CJA, involved mentally incompetent defendants. See *United States v. King,* 473 F. Supp. 2d 1182 (M.D. Ala. 2007) and *United States v. Pfeifer,* No. 1:14CR417 MHT, 2015 WL 4774875 (M.D. Ala. Aug. 12, 2015).

[2] The magistrate judge shall insure that the juvenile is represented by counsel before proceeding with critical stages of the proceedings. Counsel shall be assigned to represent a juvenile when the juvenile and his parents, guardian, or custodian are financially unable to obtain adequate representation. In cases where the juvenile and his parents, guardian, or custodian are financially able to obtain adequate representation but have not retained counsel, the magistrate judge may assign counsel and order the payment of reasonable attorney's fees or may direct the juvenile, his parents, guardian, or custodian to retain private counsel within a specified period of time.

The magistrate judge may appoint a guardian ad litem if a parent or guardian of the juvenile is not present, or if the magistrate judge has reason to believe that the parents or guardian will not cooperate with the juvenile in preparing for trial, or that the interests of the parents or guardian and those of the juvenile are adverse.

If the juvenile has not been discharged before his initial appearance before the magistrate judge, the magistrate judge

> authority. Any person who is appointed as both counsel and guardian *ad litem* in one case under § 5034 should prorate time spend fulfilling the duties of these two offices. Only time spent as counsel on a case is compensable and should be reflected on the CJA claim.[3]

The court found that this provision was clear and explicit. However, the court further found that it was in conflict with the more general provision set out at 18 U.S.C. § 3006A(e), to wit:

> Services other than counsel.—
>
> (1) Upon request- Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

18 U.S.C.A. § 3006A (West).

In *Doe,* the defendant was a juvenile and the court reasoned that, for instance, at some point the juvenile may be called upon to enter a plea (admission or denial) with respect to the allegation of delinquency or may be called upon to decide whether he wishes to be proceeded against as an adult. The court believed that defense counsel would be remiss if he were to effectuate the juvenile's requests in these regards without full and complete consultation with the juvenile's parent or, if no parent is available, then the guardian *ad litem*. In juvenile matters the parent or guardian joins with the juvenile in speaking for the juvenile. Counsel should not be regarded as "representing" the

---

shall release the juvenile to his parents, guardian, custodian, or other responsible party (including, but not limited to, the director of a shelter-care facility) upon their promise to bring such juvenile before the appropriate court when requested by such court unless the magistrate judge determines, after hearing, at which the juvenile is represented by counsel, that the detention of such juvenile is required to secure his timely appearance before the appropriate court or to insure his safety or that of others. 18 U.S.C.A. § 5034 (West)

[3] This provision has been renumbered to Section 320.50 Guardian Ad Litem, but is substantively unchanged.

juvenile unless he is in consultation with both persons—the child and the adult responsible for him. It therefore follows, of necessity, that "adequate" and "effective" representation of the juvenile cannot occur without someone functioning in the role of parent or guardian.[4]

Turning to compensation for this person who is indispensable to the "representation" relationship, the court in *Doe,* was unable to reconcile the guidance set out in the Guide to Judiciary Policies and Procedures with the direction given in the Criminal Justice Act. The court held that the services of a guardian *ad litem* in that case were absolutely "necessary for adequate representation." § 3006A(e)(1).

The *Doe* court held that the statute must prevail over the regulation, and found that there was legal authority to pay the guardian *ad litem* previously appointed under the Criminal Justice Act. This court agree d in a prior ruling, but Vidrine has been told that she could not and would not be paid with CJA funds.

The juvenile in the case at bar is an innocent victim of a horrific crime. The victim, at the time of testimony, was eight years old. The court could not victimize the child again by compelling her to testify without legal representation, especially when her parent is a co-defendant in the case. The court could not justifiably ask an attorney to serve without compensation in such a matter either.

The Court finds that it is appropriate to compensate the guardian at the same rate paid legal counsel in this matter, that is $90.00 per hour for in-court and out-of-court work. . U.S.C.A. Const.Amend. 5; 18 U.S.C.A. §§ 3006A, 4241(d).

---

[4] In the case at bar, the juvenile victim's mother was a cooperating co-defendant. Consultation with the parent was not a viable option.

Accordingly, the court finds that the guardian *ad litem* fees in this case should be paid from the Bench Bar Funds. An expenditure of non-appropriated funds must generally meet two threshold criteria: (1) the expenditure cannot augment appropriated funds; and (2) the court must determine that the expenditure would "benefit the members of the bench and the bar in the administration of justice." See Guide to Judiciary Policy, Vol. 13, Ch. 12, §§1220, 1230. This court finds that this expenditure meets the bench-and-bar standard and the court's discretion is being exercised in accordance with the court's local plan for administering and authorizing expenditure that is required under the Guide, Vol. 13, Ch. 12, §1240 (a), (d).

Accordingly,

IT IS ORDERED that the guardian *ad litem* fees of $2721.60 be PAID BY THE CLERK OF COURT FROM BENCH BAR FUNDS IMMEDIATELY.

Lake Charles, Louisiana, this _22_ day of July, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE