

RECEIVED
IN LAKE CHARLES, LA

NOV 17 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:14CR00074-01 |
| VS. | : | JUDGE MINALDI |
| MARK ANTHONY THOMPSON | : | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Before the court is a Motion to Recuse Judge Minaldi (Rec. Doc. 226). The government filed an opposition (Rec. Doc. 229). For the reasons following, this Motion to Recuse will be denied.

Procedural History

On August 28, 2015, the defendant, Mark Anthony Thompson ("Thompson"), following a jury trial before the undersigned, was found guilty of one count of Attempting to Use a Child to Produce a Visual Depiction in violation of 18 U.S.C. § 2251(a) and one count of Attempting to Entice a Minor to Engage in Criminal Sexual Activity in violation of 18 U.S.C. §2422(b).

On December 2, 2015, Thompson was sentenced to serve 360 months on each count, concurrently. Thompson filed a timely Notice of Appeal. (Rec. Doc. 196).

On July 26, 2016, Thompson filed an Unopposed Motion to Supplement the Appellate Record with Rosalie Dornellas' presentence report ("PSR"), the transcript of Dornellas' October 2, 2015 sentencing, and the government's 5K1.1 motion.[1]

Defense counsel's discovery of the information contained in Dornellas' PSR prompted the

---

[1] These documents had originally been filed under seal and not available to Thompson or his attorneys. The clerk's office made them available for the first time on August 18, 2016.

filing of a Motion for New Trial. (Rec. Doc. 218).  On September 12, 2106, the Fifth Circuit stayed the briefing schedule on the direct appeal and remanded the Motion for New Trial to this court for consideration.  Before the court can issue a ruling on that motion, however, this Motion to Recuse must be addressed.

Law

28 U.S.C. §455 addresses the disqualification of a judge:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>> (I) Is a party to the proceeding, or an officer, director, or trustee of a party;
>> (ii) Is acting as a lawyer in the proceeding;
>> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

2

©) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

(d) For the purposes of this section the following words or phrases shall have the meaning indicated:

(1) "proceeding" includes pretrial, trial, appellate review, or other stages of litigation;

(2) the degree of relationship is calculated according to the civil law system;

(3) "fiduciary" includes such relationships as executor, administrator, trustee, and guardian;

(4) "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that:

(I) Ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;

(ii) An office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;

(iii) The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;

(iv) Ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

(e) No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

(f) Notwithstanding the preceding provisions of this section, if any justice, judge, magistrate judge, or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a

fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the justice, judge, magistrate judge, bankruptcy judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.

28 U.S.C.A. § 455.

Thompson asserts three grounds for recusal based upon §455 (a), (b)(1) or (b)(5)(iv).  The three grounds asserted are:

(I)     The undersigned must be recused based upon the appearance of impartiality created by trial counsel's previous legal representation and current privileged professional relationship with defense trial counsel, who submitted an affidavit in support of Thompson's Motion for a New Trial and who will be a material witness in the event an evidentiary hearing is ordered;

(II)    The undersigned  must be recused pursuant to 28 U.S.C.§455 because she will be called as a material witness in the event an evidentiary hearing is ordered on the motion for new trial; and

(III)   The undersigned must be recused because her comments during trial and sentencing demonstrate a bias so extreme as to display a clear inability to render a fair judgment.

Under section 455(a), a judge is required to disqualify herself "in any proceeding in which her impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Congress amended § 455 in 1974 "to clarify and broaden the grounds for judicial disqualification and to conform with the recently adopted ABA Code of Judicial Conduct, Canon 3C (1974)." *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 858 n. 7, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). An objective standard of reasonableness is applied in determining whether recusal is required. "Under § 455(a), 'disqualification is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown.'" *United States v. Tucker,* 78 F.3d 1313, 1324 (8th Cir.1996) (citation omitted). "A party introducing a motion to

4

recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003); *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992) (citation omitted).

### Arguments

I. The defense argues that the undersigned must be recused based upon the appearance of impartiality created by trial counsel's previous legal representation and current privileged professional relationship with defense trial counsel, who submitted an affidavit in support of Thompson's Motion for a New Trial and who will be a material witness in the event an evidentiary hearing is ordered.

Thompson submits that trial defense counsel, James Boren's, prior legal representation of the judge and alleged post-trial privileged communications require her recusal.[2]  The defense cites *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1104 (5th Cir. 1980) in support of their argument. In *Potashnick,* the trial court judge failed to disqualify himself from participation in the proceeding even though he was involved in business dealings with the plaintiff's attorney. The judge's father was senior partner in the law firm representing the plaintiff. The parties did not allege that the judge exhibited any actual bias or prejudice in the case; they asserted only that under the circumstances his impartiality might reasonably be questioned.  The issue was whether the trial judge should have disqualified himself from trying the case because (1) he was so connected with Potashnick's law firm Hand, Arendall, Bedsole, Greaves & Johnston (Hand, Arendall) and with

---

[2] The undersigned did purposefully advise the parties of Boren's prior representation of her. This legal matter was concluded prior to the trial beginning. Defense counsel obviously knew the details of that representation, but the court made the prosecution aware of the possible conflict. No further discussion was had and neither party objected to proceeding based upon the knowledge of prior representation. It is noted that appeals counsel was co-counsel at trial and was present for this discussion as well.  As noted by the government, it was only after adverse rulings were made that this prior representation became an issue.

Potashnick's chief trial counsel, Paul Brock, that his impartiality might reasonably be questioned; (2) he was being personally represented in other matters by Hand, Arendall and by Brock; and (3) his father was a partner in Hand, Arendall.  The parties did not claim that the judge was biased in favor of or against any party; they questioned only the appearance of impartiality. *Id.* At 1106. The court of appeal found that, based on their interpretation of the language, history, and underlying policy of 28 U.S.C. § 455, the relationship between the judge and Paul Brock presented a situation in which the judge's impartiality might well be questioned.

Because 28 U.S.C. § 455(a) focuses on the appearance of impartiality, as opposed to the existence in fact of any bias or prejudice, a judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on the street. Use of the word "might" in the statute was intended to indicate that disqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality. Note, Disqualification of Judges and Justices in the Federal Courts, 86 Harv.L.Rev. 736, 745 (1973). In *Potashnick*, the court determined that a reasonable person with knowledge of the business investments of Judge Hand and Paul Brock and the legal representation of the judge by Brock might very well question the judge's impartiality in a trial involving Paul Brock as chief counsel for a litigant.  The court went on, however, to state that the Brock-Hand relationship presents a situation rarely dealt with by courts involved in disqualification issues.

The government argues that the relevant inquiry should focus on any common connections between the prior representation and the recent consultation, and the current facts, evidence and witnesses in the *Thompson* case. § 455(b)(1) is applicable to this discussion.  It contemplates a personal, or extra-judicial, bias against a litigant. See *In Re Corrugated Container Antitrust*

6

*Litigation*, 614 F.2d 958 (5th Cir. 1980). In the case at bar, there is no connection between Boren's prior representation of the undersigned and Thompson's criminal prosecution. There are no established facts that would give rise to a personal or extra-judicial bias against Thompson. *United States v. Outler*, 659 F.2d 1306, 1312–13 (5th Cir. 1981) disapproved of by *United States v. Ronan*, 981 F. Supp. 1100 (N.D. Ill. 1997).

Not all prior representation requires recusal. *In Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982), the Chitimachas alleged that Judge Davis had formerly represented Texaco, Inc., a defendant in the action. Judge Davis was appointed to the bench six years prior. The Fifth Circuit held that the fact that Judge Davis had once represented Texaco in unrelated matters did not forever prevent him from sitting in a case in which Texaco is a party. Section 455(b)(2) only requires a judge to disqualify himself if "*he served as a lawyer in the matter in controversy*." (emphasis added). The relationship between Judge Davis and Texaco, terminated at least six years prior, was too remote and too innocuous to warrant disqualification under § 455(a) or § 144.

This court does not find an appearance of impropriety based representation prior to the Thompson case or consultation subsequent to the Thompson trial. If the average person on the street learned that Boren has represented the judge prior to Thompson's trial, this would not necessarily lead to a finding that the judge would be biased against his client. There is an equal chance that a legal client will be unhappy with her attorney as happy. How would the man on the street be certain that this representation did not favor the prosecution?

Judges have an obligation to litigants and their colleagues not to remove themselves needlessly, see *New York City Housing Development Corp.,* 796 F.2d at 980–81, because a change

of umpire in mid-contest may require a great deal of work to be redone and facilitate judge-shopping. *Matter of Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 839 F.2d 1226, 1229 (7th Cir. 1988). The trial in this matter has been completed. The jury has reached its verdict. Although a Motion for A New Trial remains to be considered, this is not the time in the proceedings to recuse oneself when no apparent bias has been established. The concerns raised by the defense will be most efficiently raised on direct appeal.

II. The defense next argues that the undersigned must be recused pursuant to 28 U.S.C. §455 because she will be called as a material witness in the event an evidentiary hearing is ordered on the motion for new trial.

In conjunction with the Motion for New Trial, defense argues an evidentiary hearing will be necessary to establish which document was emailed to the court by the government. The defense argues that the court will be required to authenticate the document reviewed and to testify about what formed the basis of her opinion that no exculpatory information was contained therein. Thompson further argues that the ruling with regard to the mental health evaluation is sparse and the record makes reference to an off-the-record conversation held with defense counsel about the report. Again, Ms. Conner, defense co-counsel at trial, was present during these proceedings and would have been privy to this "off-the-record" conversation.

Thompson argues for recusal because he alleges that the undersigned needs to testify to authenticate the "Preliminary Report."[3] Thompson argues that this testimony will be necessary to expand the ruling regarding the Preliminary Report and the off-the-record conversation with defense

---

[3] Preliminary Report by Margot Hasha, PhD, LCSW, dated July 23, 2014 and attached to the Motion for New Trial. This report was prepared for Dornellas' defense counsel, PD Christi Gibbens.

counsel. Thompson seeks to compel the trial judge to testify based upon facts stemming from judicial involvement in the case, not from some extrajudicial knowledge. As noted by the government, knowledge gained by a judge in her judicial capacity cannot be a basis for disqualification. *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc.,* 991 F.2d 1249, 1255-56 (7th Cir. 1993).

Again, the arguments being raised by the defense regarding the relevance and nondisclosure of Dornellas' mental health records are best considered on direct appeal. Because Thompson disagrees with this court's legal findings, this is not grounds for recusal. This court takes judicial notice of the Preliminary Report attached to the Motion for New Trial as this is the same report viewed prior to trial. This action alleviates any necessity for a hearing to authenticate the Report. The court will not, at this point in the proceedings, elaborate in a written ruling on the reasons for decisions made during the trial.

III. The defense argues that the undersigned must be recused because comments made during the trial and sentencing demonstrate a bias so extreme as to display a clear inability to render a fair judgment.

Thompson asserts that during the course of the trial, the undersigned made several comments that establish extreme bias. Several of the comments made during the course of the trial were made for the purpose of informing the defense that their desired defense strategy was not going to be condoned by the court and, as such, testimony would be limited.

Thompson also makes much of a comment by the court referring to a case she had prosecuted, *State v. Rickey Langley,* 2010-969 (La. App. 3 Cir. 4/6/11, 2-3); 61 So.3d 747, 752, *writ denied,* 2011-1226 (La. 1/20/12).

The Supreme Court in *Liteky v. United States* stated that "[t]he judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since her knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task. As Judge Jerome Frank pithily put it: "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." *In re J.P. Linahan, Inc.,* 138 F.2d 650, 654 (2d Cir. 1943). Also not subject to deprecatory characterization as "bias" or "prejudice" are *opinions held by judges as a result of what they learned in earlier proceedings*. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant. *Liteky v. United States*, 510 U.S. 540, 550–51, 114 S. Ct. 1147, 1155, 127 L. Ed. 2d 474 (1994). The *Langley* case comparison in the instant case did not occur in the presence of the jury, so it could not have influenced the jury as the trier of fact.

Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair

10

judgment impossible. *Liteky*, 510 U.S. at 55 (1994).

Many of this court's comments were made in the process of rehabilitating a juror or in evidentiary rulings. These comments do not rise to the "deep-seated and unequivocal antagonism" threshold required by *Liteky*, *id.*

### Conclusion

There was no appearance of impropriety created by Boren's previous representation of the undersigned, nor by her consultation with him on a private matter after the trial had concluded.

It will not be necessary to call the judge as a material witness if an evidentiary hearing is granted in the Motion for New Trial, as the court has taken judicial notice of the Preliminary Report at issue.

Lastly, comments made by the court during the trial and sentencing did not demonstrate bias or partiality to the extent necessary for recusal.

Lake Charles, Louisiana, this _11_ day of November, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

11