UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:14-CR-00074-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MARK ANTHONY THOMPSON (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a "Motion for Compassionate Release" (Doc. 290) filed by Defendant Mark Anthony Thompson. The Government opposes Thompson's request for early release under the First Step Act.

## INTRODUCTION

Defendant, Mark Anthony Thompson, was indicted by a grand jury for attempted production of child pornography and enticement of a minor to engage in sexual acts. A jury found him guilty of both counts. On December 2, 2015, Thompson was sentenced to 360 months imprisonment.[1] Thompson argues that his original sentence was too harsh and that he should be released due to having contracted COVID-19 and his general fear of the disease.

## LAW AND ANALYSIS

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825

---

[1] Doc. 195.

(2010). Under 18 U.S.C. 3582(c), a court generally may not modify a term of imprisonment once it has been imposed, except in three circumstances; (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Section 3852(c)(1)(A) permits a court to reduce a prisoner's sentence "if he finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3582(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.

Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C, § 3582(c)(1)(A). Here, the applicable policy statement, U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the § 3553(1) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided

in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement."[2] U.S.S.G. § 1B1.13.

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive impairment, or (3) experiencing deteriorating physical mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The application note also sets forth other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that the BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

---

[2] The policy statement refers only to motions filed by the BOP director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See first Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 35829c)(2)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

The BOP has issued a regulation to define its own consideration of compassionate release requests. See BOP Program Statement 5050.50.[3] This Program Statement was amended effective January 17, 2019, following the First Step Act's passage. It sets forth in detail the BOP's definition of the circumstances that may support a request for compassionate release, limited to the same bases the Sentencing Commission identified: serious medical condition, advanced age, and family circumstances. The policy statement is binding under the express terms of § 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *Booker v. United States,* 543 U.S. 220 (2005), that any guideline that increases a sentence must be deemed advisory. See *Dillon v. United States*, 560 U.S. 817, 830 (2010) (making clear that the statutory requirement in § 3582 that a court heed the restrictions stated by the Sentencing Commission is binding).

The Government argues that Thompson has not set forth "extraordinary and compelling reasons" for release from imprisonment. The Court agrees.  Thompson does not allege he is suffering from a terminal illness, or some other serious physical or medical condition. Thompson only asserts he is entitled to early release because of COVID-19 and his general fear of the disease. As noted by the Government, neither the policy statement, nor the BOP regulations provide any basis for compassionate release based on general health concerns, including those arising from the COVID-19 pandemic. See also *United States v. Koons*, 2020 WL 1940570, at *5 (W.D. La. Apr. 21, 2020) ("General concerns

---

[3] Available at https://www.bop.gov/policy/progstat/5050_50EN.pdf .

about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence."); *United States v. Wright,* 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (same); *United States v. Marco Perez-Serrando*, 2020WL 2754914, at *2 (S.D. Miss. May 27, 2020) ("A generalized fear of contracting COVID-19 does not justify compassionate release."); *United States v. Clark,*2020 WL 1557397, *4 (M.D. La. April 1, 2020) (finding the defendant had failed to present evidence of extraordinary and compelling reasons to modify his prison sentence because he "does not meet any of the criteria set forth by the statute" and he "cites no authority for the proposition that the fear of contracting a communicable disease warrants a sentence modification.").

Thompson asserts that has had and recovered from COVID-19, however, he suggests that the virus may still be a threat to his life. Thompson endured the disease with no complications.[4]

The Court agrees with the Government that Thompson has failed to provide evidence of a recognized underlying medical condition, and therefore, has not met his burden of establishing an entitlement to a sentence reduction. In addition, having contracted COVID-19 is not a condition recognized by the CDC as definitely increasing the risk for COVID-19 complications.

The Government also argues that Thompson has not demonstrated that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. §

---

[4] Doc. 290, p. 8 (the attending physician found no abnormal breathing).

3142(g). See U.S.S.G. § 1B1.13(2), or that release is appropriate in light of the § 3553(a) factors. As noted by the Government, Thompson was convicted of the attempted sexual exploitation of a ten-year old child. He has served only twenty percent (20%) of his sentence, and a release at this juncture would not represent "just punishment' pursuant to 18 U.S.C. § 3553(a)(2)(A). Furthermore, it would promote disparity with respect to defendants who engaged in similar criminal conduct. 18 U.S.C. § 3553(a)(6).

Considering the nature of his offense of conviction, the absence of evidence of extraordinary and compelling reasons to modify his prison sentence, and the relatively short service of his sentence, Thompson has not established that his early release would comport with the applicable § 3553(a) factors. Accordingly,

**IT IS ORDERED** that the Motion for Compassionate Release is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 1st day of December, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**