**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:14-CR-00074-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MARK ANTHONY THOMPSON (01)** | **RETIRED MAG JDG JRS KAY** |

## MEMORANDUM ORDER

Before the Court is Petitioner/Defendant's "Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6); Motion to Expand the Record (Rule 7); Motion for Evidentiary Hearing; and Motion for Appointment of Counsel" (Doc. 341).

## BACKGROUND

On April 9, 2014, Defendant was indicted for Attempting to Use a Child to Produce a Visual Depiction [18 U.S.C. § 2251(a)] Count I and Attempting to Entice A Minor to Engage in Criminal Sexual Activity [18 U.S.C. § 2422(b)] (Count 2). On August 28, 2015, a jury found Thomspon guilty of both counts.[1] On December 2, 2015, Defendant was sentenced to 360 months as to Count 1 and 360 months as to Count 2, to run concurrent with Count 1.[2]

Thompson appealed against the conviction, filed a motion for new trial and a motion to recuse the trial judge.[3] The Fifth Circuit affirmed Thompson's conviction.[4] On October 29, 2018, Thompson filed a motion to vacate, set aside or correct sentence under 28 U.S.C.

---

[1] Doc. 167.
[2] Doc. 195.
[3] Docs. 234, 236.
[4] Doc. 245.

§ 2255, which was denied.[5] The District Court and the Court of Appeals denied certificates of appealability.[6] This Court also denied Thompson's "Motion to Grant FRCP 60(b)(6)" and certificate of appealability.[7] Thompson now files the instant Motion for Relief from Judgment, Motion to Expand the Record, Motion for Evidentiary Hearing, and Motion for Appointment of Counsel.[8]

## **LAW AND ANALYSIS**

In his motion, Thompson argues that the Court applied an erroneous legal standard, and thus the motion is proper under Rule 60(b)(6). Specifically, Thompson complains that the Judge who presided over his trial was judicially biased and/or incompetent during the trial. Thompson argues that the Court relied solely on the trial transcript, but the correct standard requires the court to consider external facts, including a judge's personal circumstances and institutional responses, citing *Tumey v. Ohio*, 273 U.S. 510 (1927); *In re Murchison*, 349 U.S. 133 (1955); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).

The Government argues that Thompson cites Rule 60(b)(6) to circumvent the prohibition against successive § 2255 motions and the one-year limit of Rule 60(c). The Government remarks that Thompson's complaints under Rule 60(b)(6) should be under Rule 60(b)(1), to which the one-year limitation applies. "[A] 'mistake' under Rule 60(b)(1) includes a judge's errors of law." *Kemp v. United States*, 596 U.S. 528, 533–34 (2022).

---

[5] Docs. 249, 256, 263-266.
[6] Docs. 267, 289.
[7] Doc. 325.
[8] Doc. 341.

"Rule 60(b)(1) covers all mistakes of law made by a judge," not merely "'obvious' legal mistakes." *Id.* at 534. An assertion "cannot be brought through the catch-all provision of Rule 60(b)(6) if it could have been brought through one of the Rule's first five subsections." *United States v. Fernandez*, 797 F.3d 315, 319 (5th Cir. 2015).

Rule 60(b)(1) provides for relief in the case of "mistake, inadvertence, surprise or excusable neglect" and encompasses a defendant's allegation that a court "committed error in its denial of his § 2255 motion." *United States v. Douglas*, No. 17-cr-070, 20205 WL 3709017, at *1 (W.D. La. Dec. 22, 2025). "As mandated by the Supreme Court in *Gonzalez*, this Court will not use Rule 60(b)(6) to overturn a judgment when the specific circumstances of (b)(1)-(5) apply. 545 U.S. at 529. As such, the Government argues that Thompson's Motion is untimely.

The Court agrees with the Government that Thompson's motion complaining of judicial bias is untimely under both Rule 60(b)(1) and Rule 60(b)(6).[9] *See Trottie v. Stephens*, 581 F. App'x 436, 538 (5th Cir. 2014) (holding that Rule 60(b)(6) motion filed almost three years after the district court had denied habeas relief was not filed within a reasonable time).

Next, Thompson complains that the presiding judge was not competent during his trial due to her subsequent retirement based on a medical disability. As noted in the Court's previous ruling, which has resolved this issue,[10] Thompson failed then and now to satisfy the actual prejudice prong by showing an actual and substantial disadvantage infecting his

---

[9] The § 2255 motion was denied in 2019. Doc. 266.
[10] Docs. 263 (Report and Recommendation) and 266 (Judgment).

entire trial with errors of constitutional dimension. A claim not asserted in the defendant's direct appeal may only be raised in § 2255 proceedings if the defendant can establish cause and prejudice for his omission or that the claim must be addressed in order to avoid a fundamental miscarriage of justice. To satisfy the "cause" standard, a defendant must "show that some objective factor external to the defense" prevented him from raising the claim on direct appeal. *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (internal quotations omitted). Thompson has failed to establish what prevented him from raising this claim on direct appeal.

"Prejudice" under this test means "actual prejudice," and so the defendant "must demonstrate not just the possibility of prejudice, 'but an actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension.'" *United States v. Holder*, 2011 WL 2119239, at *2 (W.D. La. May 26, 2011) (quoting *Shaid*, supra, 937 F.2d at 233). Here, Thompson has failed to establish any actual prejudice that infected his entire trial with errors of constitutional dimension.

Thompson argues that the Court never ruled substantively as to his complaint that the presiding judge was incompetent. Thompson urges the Court to consider that the same Magistrate Judge who issued a Report and Recommendation[11] denying Thompson's § 2255 motion filed a civil suit against the District Judge in 2017 to have that Judge interdicted. Thompson suggests that the Magistrate Judge could not have been impartial in ruling on his § 2255 motion due to her professional and personal relationship with the presiding

---

[11] Doc. 263 issued February 13, 2019, and 266 issued March 26, 2019.

Judge, considering the Magistrate Judge's personal involvement in the interdiction proceedings. Thompson argues that the Magistrate Judge's failure to recuse was a mandatory violation of 28 U.S.C. § 455(b)(1).

Additionally, Thompson accuses the Magistrate Judge of fraud on the Court under Rule 60(d)(3) because in 2017, the Magistrate Judge had first-hand personal knowledge that the district judge was cognitively incapacitated. Thompson argues that the Magistrate Judge applied a cause-and-prejudice procedure standard that made her personal knowledge legally irrelevant and guaranteed Petitioner could never reach the merits. In other words, she used it to bury a claim she knew had merit. Thompson asks the Court to vacate the previous § 2255 judgment, reopen the § 2255 proceeding for adjudication of the judicial competence claim on the merits, grant his motion to expand the record to include documentary evidence of the District Judge's incapacity and the Magistrate Judge's personal involvement in the interdiction proceedings. Additionally, Thompson requests an evidentiary hearing to develop the factual record of the Magistrate Judge's knowledge, the timeline of the undisclosed conflict, and its effect on the § 2255 proceedings, and appoint counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B).

The Court fails to comprehend how an interdiction proceeding two years after Thompson's trial is relevant.[12]

When a "Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255

---

[12] The Court also notes that the Magistrate Judge's suit against the District Judge, intuitively, would only show that the Magistrate Judge was not biased in favor of the District Judge when making a recommendation as to Thompson's § 2255 Motion.

motion." *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). A Rule 60 motion should be deemed a successive § 2255 motion if it raises a new theory of relief or disputes the district court's substantive resolution of a claim. *Gonzalez v. Crosby*, 545 U.S. at 532. *United States v. Ubani,* 582 F. App'x 333 (5th Cir. 2014) (dismissing for lack of jurisdiction appeal of denial of Rule 60(b) in which the defendant was seeking reconsideration of the denial of the § 2255 motion because the Rule 60(b) motion in which the defendant raised new issues or requested reconsideration of claims first asserted in the § 2255 motion was successive).

Procedural claims that can be considered under Rule 60(b) involve failure to exhaust, procedural default, and statute-of-limitation. *United States v. Brown*, 547 F. App'x 637, 641 (5th Cir. 2013). Also included as procedural claims are the "district court's denial of funding, the district court's dismissal of claims without an evidentiary hearing, and the district court's failure to consider claims presented in the habeas application." *Webb v. Davis*, 940 F.3d 892, 898 (5th Cir. 2019).

The Government argues that Thompson's claim does not fall within the ambit of Rule 60(b). Fed. R. Civ. P. 60(b) provides as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Federal Rule Civil Procedure 60 (c) provides, "A motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

The Government argues that Thompson's motion is untimely if considered to be filed under 60(b)(1), and if considered to be filed under Federal Rule of Civil Procedure 60(b)(6), the motion was not filed within a reasonable time. The § 2255 motion was denied in 2019.[13] *See Trottie v. Stephens*, 581 F. App'x 436, 538 (5th Cir. 2014) (holding that Rule 60(b)(6) motion filed almost three years after the district court had denied habeas relief was not filed with a reasonable time). The Court agrees with the Government that whether filed under Rule 60(b)(1) or 60(b)(6), Thompson's motion is untimely.

Thompson's claims do not fall within the ambit of Rule 60(b). Thompson's motion is a successive § 2255 motion. In the previous § 2255 ruling, the Court found that Thompson failed to overcome the procedural bar for the Court to consider the allegations of judicial incompetence. Here, Thompson has filed an unauthorized successive § 2255 motion and as such must receive authorization from the Court of Appeals before he can file a successive § 2255 motion in the District Court. See 28 U.S.C. § § 2255(h),

---

[13] Doc. 266.

2244(b)(3)(A). *In re Bradford,* 660 F.3d 226, 230 (5th Cir. 2011) ("A prisoner must seek authorization from this Court before a second or successive § 2255 motion may be filed in the district court."). As such, this Court does not have jurisdiction and Thompson's claim must be dismissed without prejudice. Accordingly,

**IT IS ORDERED** that "Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6); Motion to Expand the Record (Rule 7); Motion for Evidentiary Hearing; and Motion for Appointment of Counsel" (Doc. 341) are **DENIED**.

**THUS DONE AND SIGNED** in chambers on this 15th day of May, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**